IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALLACE RICE, | : | CIVIL NO. 1:CV-08-2166 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| B. A. BLEDSOE, | : | |
| Respondent | : | |

**MEMORANDUM**

Before the Court is a motion filed by Petitioner Wallace Rice ("Rice") seeking reconsideration of this Court's Memorandum and Order of January 29, 2009, dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. (Doc. No. 6.) For the reasons that follow, the motion will be denied.

**I.      Background**

Rice is an inmate confined at the United States Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania. In the habeas petition Rice challenges his 1983 conviction on drug, conspiracy and racketeering charges in the United States District Court for the Southern District of New York. He states that on September 27, 1983, he and seven other individuals were charged with violations of federal narcotics, weapons and racketeering laws in a fifteen (15) count indictment. On November 21, 1983, he was convicted by a jury in the United States District Court for the Southern District of New York on the following five (5) counts: (1) Membership in a Narcotics Conspiracy, in violation of 21 U.S.C. § 846; (2) Participation in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848; (3) Possession with Intent to Distribute and Distribution of One Gram of Heroin, in violation of 21 U.S.C. § 848(a)(1); (4) Conspiracy to Participate in the Affairs of an Illegal Enterprise, in violation of 18 U.S.C.

§ 1962(d); and (5) Participation in the Affairs of an Illegal Enterprise, in violation of 21 U.S.C. § 1962(c). He was sentenced on January 12, 1984, to life imprisonment, without parole.

Rice appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit. On March 11, 1985, his conviction and sentence were affirmed. United States v. Thomas, 757 F.2d 1359 (2d Cir. 1985). A petition for writ of certiorari to the United States Supreme Court was thereafter denied. Rice v. United States, 479 U.S. 818 (1986). On May 31, 2000, Rice filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was later denied. Rice v. United States, 118 F. Supp. 2d 451 (S.D.N.Y. 2000). A request for certificate of appealability was denied by the Second Circuit Court of Appeals on February 21, 2002.

On October 9, 2002, Rice filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court attempting to challenge his conviction and sentence under Ring v. Arizona, 536 U.S. 584 (2002), and Apprendi v. New Jersey, 530 U.S. 466 (2000). See Rice v. Dodrill, 1:04-cv-2603 (M.D. Pa.). He further asserted that he was actually innocent of the sentence of life in prison imposed for a Continuing Criminal Enterprise. On May 11, 2004, the Court concluded that Rice could not proceed under § 2241 because the remedy available to him under § 2255 is not inadequate or ineffective, and dismissed the petition without prejudice to his seeking authorization to file a second or successive § 2255 motion.[1] The Third Circuit Court of Appeals affirmed this decision on August 18, 2005. Rice v. Dodrill, 145 Fed. Appx. 729 (3d Cir. 2005).

On January 24, 2006, Rice filed a second motion to vacate under 28 U.S.C. § 2255. The

---

[1] In utilizing computer-assisted legal research, it appears based upon a review of the docket in Rice's underlying criminal matter that a request for authorization to file a second or successive § 2255 motion was actually denied by the Second Circuit Court of Appeals on October 27, 2004. Thereafter, a second request for authorization was denied by the Court of Appeals in an Order issued on June 24, 2005.

Southern District of New York Court found that they could not consider a second or successive motion attacking a conviction under § 2255 unless it is authorized by the appropriate court of appeals, and therefore transferred the matter to the Second Circuit in the interests of justice. See Rice v. United States, No. 1:06-cv-0563, Doc. No. 2 (S.D.N.Y. Jan. 24, 2006). On September 1, 2006, the Second Circuit denied authorization due to the failure of Rice to file his application within the prescribed time period. The instant § 2241 habeas corpus petition was filed on December 2, 2008. In the petition, Rice claims entitlement to federal habeas corpus relief on the basis of a new interpretation of the drug trafficking statute that was not available at the time of his conviction, and which cannot now be pursued by way of a § 2255 motion. He argues that the finding of guilt was insufficient to support his conviction because the issue of the quantity of drug in his possession was not submitted to the jury and proven beyond a reasonable doubt, but was instead determined by the judge at sentencing and proven only by a preponderance of the evidence. As such, he attempts to argue that he is actually innocent. He relies on the case of United States v. Gonzalez, 420 F.3d 111 (2d Cir. 2005), wherein the Second Circuit Court of Appeals found that the drug quantities specified in 21 U.S.C. § 841 are elements that must be pleaded and proved to a jury or admitted by a defendant to support any conviction on an aggravated drug offense, not simply those resulting in sentences that exceed the maximum otherwise applicable.

In A Memorandum and Order issued on January 29, 2009, the Court addressed the claims raised in Rice's petition and found that similar arguments attempting to rely on the Gonzalez case have been considered and rejected by this Court. See Lewis v. Williamson, No. 3:06-cv-1832 (M.D. Pa. Feb. 9, 2007)(Vanaskie, J.), aff'd, 260 Fed. Appx. 461 (3d Cir. 2008); Rodriguez

v. Williamson, No. 3:06-cv-1489, 2006 WL 2803056 (M.D. Pa. Sept. 28, 2006)(Caputo, J.), aff'd, 238 Fed. Appx. 768 (3d Cir. 2007). In Rodriguez, Judge Caputo found that, notwithstanding petitioner's reliance upon a new interpretation of the governing statute set forth in Gonzalez, the remedy provided by 28 U.S.C. § 2255 remained the exclusive means for obtaining judicial review of the validity of that sentence, explaining:

> The United State Court of Appeals for the Third Circuit has held that the § 2255 safety-valve language permitting the filing of a § 2241 petition applies only in very rare circumstances, such as a subsequent statutory interpretation rendering conduct non-criminal, and will only be applicable if § 2255 is inadequate or ineffective to test the legality of someone's detention. See Okereke [v. United States, 307 F.3d 117 (3d Cir. 2002)]. The Okereke court stated that a change in statutory interpretation affecting only sentencing would not permit a petition under § 2241.

Rodriguez at *3.

This conclusion is in accordance with the well-established principle that a federal inmate may only challenge the validity of a conviction and sentence by filing a habeas corpus petition under 28 U.S.C. § 2241 when it appears that the remedy pursuant to a § 2255 motion in the court of conviction is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow, and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to

challenge his conviction for conduct later deemed to be noncriminal by a change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971.)

Rice attempted to rely on a subsequent change in statutory analysis, requiring the issue of the quantity of a drug to be determined by a jury beyond a reasonable doubt, as announced in Gonzalez, as a method to pursue his claims via the instant § 2241 petition. The Court, however, found that his petition was subject to dismissal on the basis of lack of jurisdiction. The United States Court of Appeals for the Third Circuit has held that a change in statutory interpretation affecting only sentencing would not permit a petition under § 2241. Okereke, 307 F.3d at 120-21. Rice's claim is not based upon a statutory interpretation that renders the crimes for which he was convicted not criminal. Rather, his claims deal with sentencing. Further, Rice admits that his claim is not based on any newly discovered evidence, and there is also no indication that the United States Supreme Court has made Gonzalez, a decision by the Second Circuit Court of Appeals, retroactive to cases on collateral review. Okereke stands for the proposition that review is not available under 28 U.S.C. § 2241 to challenge a sentence simply because an inmate may not be able to satisfy the gatekeeping requirements of 28 U.S.C. § 2255.

On February 17, 2009, Rice filed the pending motion for reconsideration. (Doc. No. 6.) In the motion Rice basically reargues the merits of his case, and again relies on the Gonzalez case.

**II.     Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to present manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Rice fails to demonstrate any of the applicable grounds for reconsideration. He has not filed his motion for reconsideration to set forth an intervening change in law, present new evidence, or argue the existence of a clear error of law or fact. He simply restates arguments

advanced in his prior filings that have already been considered and rejected by the Court.

Accordingly, the motion for reconsideration will be denied. An appropriate Order will issue.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WALLACE RICE,               :        CIVIL NO. 1:CV-08-2166
    Petitioner,         :
                        :        (Chief Judge Kane)
    v.                  :
                        :
B. A. BLEDSOE,              :
    Respondent          :

# ORDER

**AND NOW**, this 16th day of September, 2009, and in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. No. 6) is **denied**.

                                        S/ Yvette Kane
                                        YVETTE KANE, Chief Judge
                                        Middle District of Pennsylvania